# ANNA CANNARD v. STATE.

No. A-5919.   Opinion Filed Aug. 10, 1927.
(259 Pac. 149.)

H. T. Church, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   Plaintiff in error, Anna Cannard, was tried upon an information charging that she did have in her possession certain intoxicating liquor, to wit, 20 gallons of Choctaw beer, containing more than one-half of 1 per cent. of alcohol, measured by volume, with the unlawful intent to sell the same.   She was found guilty by the jury and her punishment fixed at a fine of $250 and confinement in the county jail for 30 days. From the judgment rendered on the verdict she appealed by filing in this court November 24, 1925, petition in error with case-made.

The errors assigned question the sufficiency of the affidavit and the search warrant issued thereon by which the evidence was secured and the sufficiency of the evidence to sustain a conviction.

The evidence shows that in executing a search warrant officers visited the home of the defendant, about 3 miles east of Tulsa, and found 3 or 4 gallons of Choctaw beer in the house and found a 16-gallon keg

full of Choctaw beer in the yard, about 15 feet from the house. The analysis as shown by the testimony of a chemist disclosed that the same contained 4.1 per cent. of alcohol, measured by volume.

As a witness in her own behalf the defendant testified that she owned a tract of land there of about 30 acres, a part of her allotment; that she only made up about 3 gallons of Choctaw beer for her own use, and did not have it there to sell; that she did not know anything about the keg of Choctaw beer that was found in the yard, that she did not put it there.

On cross-examination, she said she did not remember how many times she had been convicted for violating the prohibitory law.

An examination of the affidavit and the search warrant issued thereon and offered in evidence discloses that the affidavit was sufficient and the search warrant properly issued.

Obviously the question of intent was one for the determination of the jury on the issues of fact.

The instructions fairly stated the law applicable to the case. Finding no prejudicial error, the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.